UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA PAGE WEBER,
C.R.P.,

               Plaintiff,

v.

CIGNA and/or LIFE INSURANCE
COMPANY OF NORTH AMERICA,

               Defendants.
_____/

Case No. 2:20-cv-12593
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## ORDER REGARDING THE APRIL 13, 2021 VIDEO CONFERENCE (ECF NO. 24) and PLAINTIFF'S MARCH 19, 2021 LETTER (ECF No. 29)

Judge Berg has referred this case to me for pretrial matters. Currently, the Court is scheduled to conduct: (a) a hearing on April 13, 2021 with respect to Defendants' March 1, 2021 motion to clarify and, if necessary, withdraw as attorney-of-record for Defendant "CIGNA" (ECF No. 19); and, (b) a same-day scheduling conference. (ECF No. 24.)

The Court hereby wishes to address two matters. First, notwithstanding the Court's March 19, 2021 order (ECF No. 28), which denied Plaintiff's motion to adjourn the April 13, 2021 hearing (ECF No. 26), to the extent Plaintiff alleged she needed additional time "to get better working technology," (*id*., PageID.161-162 ¶ 7), Plaintiff has up to and including **Monday, April 5, 2021** by which to inform

the Court, in writing, whether: **(a)** she is able to participate via Zoom; or, **(b)** needs the matter to be conducted via telephone.  (She is also invited to provide the Court with her email address, to be added to the docket and to help facilitate communication from counsel and the Court, as necessary.)  At this time, the Theodore Levin United States Courthouse remains closed to the public, and, while a video conference more closely resembles an in-person hearing, if Plaintiff does not have video capability, the Court also does not wish to deny her access to justice.

Second, the import of Plaintiff's most recent filing – a letter dated March 19, 2021 (ECF No. 29) – is unclear.  Preliminarily, the Michigan Court Rule to which Plaintiff refers concerns "Transfer of Actions from District Court to Circuit Court,"  MCR 4.002, specifically Subsection (A), which concerns "Counterclaim or Cross-Claim in Excess of Jurisdiction."  Even if jurisdiction of Plaintiff's claims was based on diversity of citizenship (28 U.S.C. § 1332), MCR 4.002 is a state-court procedural rule that would not apply in federal court. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law.").  Also, to the extent Plaintiff's letter purports to enclose a document and an affidavit, each of which she describes as "submitted already," these items do not appear to be on the record.  And, to the extent Plaintiff mentions a "Proposed Order," which is "not enclosed," the Court is perplexed.

2

Finally, Plaintiff seems to argue that Defendant – "DEF" – "has failed to respond as ordered," but it is not clear to what item Plaintiff was anticipating a response. Upon consideration, the letter (ECF No. 29) is **STRICKEN**, as its purpose is unclear, it does not seem to be a permissible pleading (Fed. R. Civ. P. 7(a)), and, as the Undersigned's Practice Guidelines explain:  "Letters to the Court are neither pleadings nor motions and will be stricken.  Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2." *See* www.mied.uscourts.gov.  In the event Plaintiff wishes to clarify her request and refile it, her attention is directed to E.D. Mich. LR 7.1 ("Motion Practice").

**IT IS SO ORDERED.**

Dated:   March 23, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE