UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JESSICA WEBER,**<br><br>Plaintiff,<br><br>vs.<br><br>**CIGNA, ET AL.,**<br><br>Defendants. | **2:20-CV-12593-TGB-APP**<br><br>**ORDER DENYING MOTION TO REOPEN CASE** |

Plaintiff Jessica Weber asks the Court to reopen this case, or alternatively to allow her to begin a new case against Defendants. For the reasons that follow, Ms. Weber's motion (ECF No. 59) is **DENIED**. The case will remain closed and no new case will be opened.

### A. Background

This case involved a dispute about a claim for insurance benefits. Plaintiff, who is pro se, alleged that she had been wrongfully denied benefits under a long-term disability policy issued by Defendant Life Insurance Company of North America. After some motions practice, the Parties notified the Court they had reached a settlement agreement. The

1

Court dismissed this case with prejudice on June 1, 2021 and retained jurisdiction for the purposes of enforcing the settlement. ECF No. 40.

Plaintiff filed a motion to reopen the case in January 2022. ECF No. 41. Because the motion made claims about monies from the settlement and Defendant's conduct after the settlement was finalized and the case dismissed, the Court construed it as a motion to enforce the settlement. Parties joined the Court for a telephone conference on April 6, 2022. The Court subsequently issued an Order terminating as moot the motions filed by Plaintiff and noting that no action was needed from the Court to enforce the settlement at this time. ECF No. 58.

**B. Current motion**

Plaintiff has since filed a number of new motions and exhibits in this case, including what appears to be a motion to reopen the case or open a new case. ECF No. 59 (on the Court's pro se filing template, described as "Motion to Re-Open, Refile, Cross-Complaint"). Plaintiff also commenced a separate lawsuit with related allegations (Case No. 22-10952) which was transferred to the undersigned and consolidated with this original case. Defendants have responded to the second motion to reopen (ECF No. 62) and have also filed an answer in the second lawsuit. As best the Court can understand, Plaintiff believes she has not received all of the funds she is owed under her policy or under the Parties' settlement agreement. She also expresses her belief that the Social Security Administration is owed money as a part of the settlement,

because she also receives Social Security disability benefits. Lastly, she believes that Defendants are in some way trying to trick her or deprive her of her rights to make a claim under her insurance policy. She notes that she has not been able to find an attorney who will represent her in this matter.

### C. Analysis

The Court has broad authority to grant relief from an order of dismissal under Fed. R. Civ. P. 60, for reasons including a mistake, new evidence, or fraudulent conduct. But the Sixth Circuit has noted the Courts do not have subject matter jurisdiction and therefore cannot hear cases, even pro se ones, when allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Dismissal of a complaint is appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.

The Court reviewed all of the materials filed by both sides. In particular, the Court has thoroughly inspected the settlement agreement at issue, which was filed (as an Exhibit by Plaintiff) under seal with permission of the Court. ECF No. 56. The agreement includes a broad release where Plaintiff agrees that she gives up any rights to bring claims of any kind against any of the parties to the lawsuit "resulting from, arising out of, connected directly or indirectly with or relating in any way

to" her long-term disability policy, the coverage she receives under it, or any other claims that could have been asserted in her original lawsuit. In exchange, she is to receive a fixed payment, the amount of which is stated in the agreement. *Id.* at PageID.265-69.

Both sides agree that Ms. Weber signed that agreement and did, in fact, receive the amount of money required to be paid to her under the terms of the agreement. ECF No. 62, PageID.294. Upon payment, the Defendant has discharged its duty to Plaintiff under the agreement. The Court cannot hear most of Ms. Weber's claims because she signed a valid contract *agreeing to not bring any more legal claims* regarding this policy against these Defendants.

Regarding any potential "offset" to the Social Security Administration that Plaintiff believes may be required, the settlement agreement does not mention any such requirement or necessity. The terms of the agreement do not authorize such payments. If Ms. Weber has questions about any obligation she may have to the Social Security Administration, such questions should be directed to that agency, not to this Court or any of the Defendants here.

As to her claims of fraud or trickery in pre- and post-negotiation communications, Ms. Weber has not provided legally plausible evidence that Defendants tried to deceive her in any way. The Court understands that Ms. Weber has represented herself throughout the course of this matter, and that doing so may have been stressful or confusing. If

4

Plaintiff believes, despite having signed the settlement agreement, that she got a bad deal or that she is rightfully owed more than Defendants agreed to pay her, the time to have voiced those concerns was before she signed and accepted the terms of the agreement. The Court has reviewed the documents provided, which include email communications between the Parties, and has also spoken with Defendants during the status conference about their efforts to work with Ms. Weber. There is no basis to support any claim that Defendants have shirked their duties or tried to trick Plaintiff. Defendants in this matter have a legitimate expectation in the finality of settlement agreements, and neither they nor this forum should be required to spend time responding to matters that have already been settled.

## CONCLUSION

For these reasons, the motion to reopen (ECF No. 59) is **DENIED** and Plaintiff's motion to review the settlement agreement (ECF No. 69) is **TERMINATED** as moot. This case will remain closed, as is Case No. 22-10952.

Finally, the Court is advised that Ms. Weber attempted to communicate with a judicial officer of this Court by obtaining a personal email address of that officer and sending messages to that email address. Plaintiff is cautioned not to attempt any such communications with any judicial officer or member of court staff again. She is reminded that the way to contact or communicate with the Court is through formal written

pleadings filed through the Electronic Case Filing system. Should Plaintiff attempt any such direct communications in the future, the Court will consider imposing financial or other sanctions as may be appropriate.

**IT IS SO ORDERED**, this 12th day of July, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge